UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Live Face on Web, LLC,                                    Case No. 17-cv-1941 (WMW/FLN)

    Plaintiff,

v.                                                        **ORDER AND REPORT &**
                                                                           **RECOMMENDATION**

Twelfth Street Dental Office, P.A.,

    Defendant.

___

Live Face on Web, LLC,                                    Case No. 17-cv-1950 (WMW/FLN)

    Plaintiff,

v.                                                        **ORDER AND REPORT &**
                                                            **RECOMMENDATION**

River's Edge Dental Clinic, PLLC, et al.,

    Defendant.

___

Vlad Tinovsky, for Live Face on Web, LLC.
Kristine Boylan and Kathryn Short, for Twelfth Street Dental and River's Edge Dental Clinic.
David Davenport, for Solution21, Inc.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Third-Party Defendant Solution21, Inc.'s motions to dismiss (ECF No. 28, 17-cv-1941; ECF No. 20, 17-cv-1950) and to stay discovery (ECF No. 42, 17-cv-1941; ECF No. 34, 17-cv-1950), and Defendant Twelfth Street Dental Office, P.A.'s motion to compel and to amend (ECF No. 53, 17-cv-1941). The motions to dismiss were referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* Orders, ECF No. 34, 17-cv-1941; ECF No. 29, 17-cv-

1950. For the reasons set forth below, this Court recommends that Third-Party Defendant Solution21, Inc.'s motions to dismiss (ECF No. 28, 17-cv-1941; ECF No. 20, 17-cv-1950) be **DENIED** and orders that its motions to stay discovery (ECF No. 42, 17-cv-1941; ECF No. 34, 17-cv-1950) are **DENIED**, and Defendant Twelfth Street Dental Office P.A.'s motion to compel and to amend (ECF No. 53, 17-cv-1941) is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

On June 6, 2017, Plaintiff Live Face on Web, LLC ("Live Face") commenced three separate actions, raising one copyright infringement count under 17 U.S.C. § 501 in each Complaint, seeking identical relief: actual damages, profit disgorgement, attorney's fees and costs, and a permanent injunction.[1] *See generally* Compl., ECF No. 1; Compl., ECF No. 1, No. 17-cv-1950 (DWF/FLN) (the "River's Edge Action"); Compl., ECF No. 1, No. 17-cv-1948 (JRT/TNL) (the "Cedar Sign Action"). In each case, Live Face alleges that Defendant's websites infringe its copyrighted, web spokesperson software code. *See generally id.* In the instant Actions, Defendants have filed a Third-Party Complaint against Solution21, Inc., ("Solution 21") seeking contribution and indemnification, alleging that Solution 21 was responsible for creating and developing the infringing websites. *See generally* Third-Party Compl., ECF No. 10; Third-Party Compl., ECF No. 11, 17-cv-1950. On August 17, 2017, this Court consolidated the instant Actions for pretrial purposes. *See* ECF No. 21. On September 13, 2017, the Cedar Sign Action was dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1). *See* Order and Judgment, ECF Nos. 15, 16, 17-cv-1948. On October 25, 2017, Defendant Twelfth Street Dental Office, P.A., ("Twelfth Street") served interrogatories and requests for document production on Solution 21 and Live Face. *See generally* ECF No. 57.

---

1   Case citations are to 17-cv-1941, unless otherwise stated.

Solution 21 now moves to dismiss the Third-Party Complaints. *See* ECF No. 28; ECF No. 20, 17-cv-1950. Solution 21 argues that in contracting with it, Twelfth Street and Defendant River's Edge Dental, PLLC ("River's Edge") consented to a forum selection clause, which requires "that exclusive jurisdiction for any dispute with Solution21, Inc. . . . or in any way relating to your use of the Solution21, Inc. . . . Websites, resides in the courts of the County of Orange, State of California." ECF No. 31 at 5. Alternatively, Solution21 argues that the Third-Party Complaints must be dismissed because they fail to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6) and because the common law contribution and indemnification claims brought by Twelfth Street and River's Edge are preempted by the Federal Copyright Act. *See id.* at 6, 10. In addition, Solution 21 avers that discovery should be stayed in the instant Actions given that Twelfth Street and River's Edge's Third-Party Complaints are deficient under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 42.

Twelfth Street and River's Edge counter that Solution 21's forum selection clause should not be considered at the motion to dismiss stage because it is not corroborated by, nor attached to, the pleadings. *See* ECF No. 39 at 9; ECF No. 31 at 9, 17-cv-1950. Twelfth Street and River's Edge further argue that they have sufficiently stated a plausible claim for contribution and indemnification, and their common law contribution and indemnification claims are not preempted by the Federal Copyright Act. *See id.* at 3; *see also* ECF No. 31 at 3, 17-cv-1950. To that end, Twelfth Street and River's Edge assert that discovery should remain open. *See* ECF No. 49; ECF No. 41, 17-cv-1950.

Conversely, Twelfth Street moves to compel discovery from both Solution 21 and Live Face, and to modify the Scheduling Order (ECF No. 35). *See* ECF No. 53. As to the motion to compel, Twelfth Street argues that Solution 21 has not provided any discovery to its served October 25,

3

2017, interrogatories and requests for document production, and although Live Face has provided responsive discovery, it "mostly provided boilerplate objections instead of meaningful responses." ECF No. 57 at 9. Twelfth Street also seeks a fifteen month extension of the Scheduling Order deadlines. *See* ECF No. 59. Solution 21 counters that it is not required to respond to Twelfth Street's October 25, 2017, discovery requests given that its Third-Party Complaint fails to state a plausible claim. *See generally* ECF No. 60. Live Face agrees to a ninety-day Scheduling Order extension, but opposes Twelfth Street's requested fifteen month extension, and further maintains that its discovery production satisfies the Federal Rules of Civil Procedure. *See generally* ECF No. 62.

## II. LEGAL STANDARD

**A.     Motion to Dismiss**

In analyzing the adequacy of a complaint, the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *See In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Federal Rule of Civil Procedure 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (internal citation omitted). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal citations omitted). "[A] complaint [cannot] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**B.     Motion to Stay**

Courts have inherent power to stay proceedings of an action in order to control their docket, conserve judicial resources, and provide just determination of pending cases. *See Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998) (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)). A decision to stay proceedings is within the court's broad discretion. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Generally, an applicant for a stay has the burden of showing specific hardship or inequity if the case is allowed to move forward. *See In re Hanson*, No. 13-2991, 2013 WL 6571594 (D. Minn. Dec. 13, 2013); *see also Landis*, 299 U.S. at 255. "[A] court may stay discovery for good cause shown." *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, 13-CV-1356 (ADM/FLN), 2013 WL 4487505 *2 (D. Minn. Aug. 20, 2013). "The mere filing of a

motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Id.* (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)). In exercising its authority, a court should construe and administer discovery "to secure [a] just, speedy, and inexpensive determination." Fed. R. Civ. P. 1.

### C. Motion to Compel and Amend

The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "The threshold requirement of discoverability is whether the information sought is 'relevant to the subject matter involved in the pending action.'" *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.,* 187 F.R.D. 578, 589 (D. Minn. 1999) (quoting *Shelton v. Am. Motors*, 805 F.2d 1323, 1326 (8th Cir. 1986)). "The standard, therefore, is widely recognized as one that is necessarily broad in its scope, in order to allow the parties essentially equal access to the operative facts." *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 382 (8th Cir.1992)).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(b)(1). Federal Rule of Civil Procedure 37(a)(3)(B)(iii)–(iv), provides that a court may order disclosure if a party fails to disclose information required under Federal Rules of Civil Procedure 33 (concerning interrogatories) and 34 (concerning document requests, ESI, and other tangible things), respectively. Under Federal Rule of Civil Procedure 37(a)(4) an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A party that moves to modify a scheduling order must: (1) establish good cause

6

for the proposed modification: and (2) explain the proposed modification's effect on any deadlines." L. R. D. Minn. 16.3(b). If a party moves to modify a scheduling order's discovery deadlines, the party must explain why not all discovery has been completed. *See* L. R. D. Minn. 16(b)(c)(4).

### III.  LEGAL ANALYSIS

**A.     Motions to Dismiss**

Solution 21 first argues that its terms and conditions of use, which it alleges that Twelfth Street and River's Edge consented to, includes a forum selection clause providing that disputes relating to its website design business must be litigated in Orange County, California. *See* ECF No. 31 at 5; *see also* ECF No. 32, Ex. A at 5. However, assuming without deciding that Solution 21's purported terms and conditions of use and concomitant forum selection clause can be considered at the motion to dismiss stage, it is not certain to this Court that Twelfth Street and River's Edge actually agreed to the terms and conditions of use. Specifically, the terms and conditions of use document that Solution 21 produced in support of its motions to dismiss fails to in any way reference either Twelfth Street or River's Edge, or demonstrate their consent. At the December 18, 2017, hearing, Solution 21 represented that all of its clients must agree to its terms and conditions of use before contracting with it. Although Twelfth Street and River's Edge acknowledged at the hearing that the parties were in a contractual relationship, they deny consenting to the purported terms and conditions of use.

At the 12(b)(6) stage, all reasonable inferences cut in Twelfth Street and River's Edge's favor, *see Twombly*, 550 U.S. at 570, and absent a specific evidentiary showing of mutual assent to the purported terms and conditions of use, this Court declines Solution 21's invitation to find that the parties agreed to the forum selection clause. Moreover, that the terms and conditions of use

7

document upon which Solution 21 relies is dated September 20, 2017, well after Twelfth Street and River's Edge filed their July 10, 2017, Third-Party Complaints against Solution 21, provides further indicia the record on this issue is incomplete and disputed. As such, this Court finds that dismissal of Twelfth Street and River's Edge's Third-Party Complaints based on the forum selection clause is not warranted under Federal Rule of Civil Procedure 12(b)(6). *See id.*; *see also* ECF No 32, Ex. A at 6; ECF No. 10.

As to Solution 21's argument that Twelfth Street and River's Edge's Third-Party Complaints fail to state a plausible claim, this Court disagrees. Twelfth Street and River's Edge's Complaints incorporate by reference their Answer to Live Face's Complaint and state that "[a]t all relevant times, Solution 21 and Twelfth Street Dental[/River's Edge] were in a contractual relationship under which Solution 21 was responsible for creating and developing the website at www.12thstreetdental.com." ECF No. 10 at 2; ECF No. 11 at 2, 17-cv-1950. Twelfth Street and River's Edge's Third-Party Complaints further state that in the event "Twelfth Street Dental[/River's Edge are] held liable to [Live Face] for any losses alleged and proven in connection with the allegations set forth in its Complaint, Twelfth Street[/River's Edge are] entitled to contribution/indemnification from Solution 21."*Id.*

Twelfth Street and River's Edge's Third-Party Complaints state a facially plausible contribution and indemnification claim. Twelfth Street and River's Edge sufficiently allege that Solution 21 is responsible for the design of the infringing website and that the parties were under a contractual relationship during the period in which Live Face claims its software was infringed. At minimum, construing the Third-Complaints liberally, a reasonable inference can be drawn from the facts plead that Solution 21 is plausibly required to contribute to, or indemnify, Twelfth Street

8

and River's Edge's copyright infringement liability. *See Turner*, 278 F.3d 757.

Solution 21's argument that the Federal Copyright Act preempts common law contribution and indemnification claims similarly fails. Under the Federal Copyright Act, a copyright owner has the exclusive right to: (1) reproduce a copyrighted work; (2) prepare derivative works; (3) distribute copies of the copyrighted work to the public; (4) display the copyrighted work publicly. *See* 17 U.S.C. § 106.

> [a] state cause of action is preempted [by the Federal Copyright Act] if: (1) the work at issue is within the subject matter of copyright as defined in §§ 102 and 103 of the [Federal] Copyright Act, and (2) the state law created right is equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106 [of the Federal Copyright Act].

*Accent Media, Inc. v. Young*, 12-CV-07-LRR, 2013 WL 12140468, *24 (N.D. Iowa Sept. 11, 2013) (quoting *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993)). The Federal Copyright Act "preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law." *Nat'l Car Rental Sys., Inc.*, 991 F.2d at 431 (quoting *Computer Assocs. Int'l Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)) (internal quotation marks omitted). "Thus, the [Federal] Copyright Act does not preempt state-law claims if the state law protects a right that is different in kind from those protected under the federal law." *Accent Media*, 2013 WL 12140468, *24 (internal citation omitted).

Twelfth Street and River's Edge's state, common law contribution and indemnity claims do not "infringe" or otherwise invade any "*exclusive* right provided by federal copyright law." *See Nat'l Car Rental Sys., Inc.*, 991 F.2d at 431 (emphasis added). Contribution and indemnity are equitable, not statutory, remedies. *See Hendrickson v. Minn. Power & Light Co.*, 104 N.W.2d 843, 846–47

(1960), *overruled in part by Tolbert v. Gerber Indus., Inc.*, 255 N.W.2d 362, 368 n. 11 (1977). "Contribution is the appropriate remedy where there is common liability among tortfeasors." *Blomgren v. Marshall Mgmt. Serv., Inc.*, 483 N.W.2d 504, 506 (Minn. Ct. App. 1992). "Common liability is created at the instant the tort is committed." *Id.* (internal citation omitted). "Indemnity instead arises out of a contractual relationship, either express or implied by law, which 'requires one party to reimburse the other entirely.'" *Id.* (quoting *Hendrickson*, 104 N.W.2d at 847).

Here, Twelfth Street and River's Edge's Third-Party Complaints are based entirely on the equitable principles of contribution and indemnification. Put differently, the right to contribution and indemnity raised by Twelfth Street and River's Edge under Minnesota law is substantively not equivalent to any of the four exclusive rights enumerated by the Federal Copyright Act. Solution 21 argues that the vast majority of federal courts have held that in copyright actions, state common law claims for contribution and indemnification must be rejected, as they are preempted by the Federal Copyright Act. *See* ECF No. 41 at 8. However, Solution 21 proffers no binding Eighth Circuit precedent on this point. Indeed, this Court notes that the Eleventh Circuit, in *Foley v. Luster*, 249 F.3d 1281, 1287 (11th Cir. 2001), reached a similar conclusion as the Eighth Circuit; that the Federal Copyright Act "'preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law.'" (quoting *Computer Assocs. Int'l Inc.*, 982 F.2d at 716); *see also* 17 U.S.C. § 301(a). As a result, the Federal Copyright Act does not preclude Twelfth Street and River's Edge from bringing their Third-Party Complaints against Solution 21. *See Nat'l Car Rental Sys., Inc.*, 991 F.2d at 431.

### B.    Discovery Disputes

Because this Court recommends that Solution 21's motions to dismiss the Third-Party

Complaints should be denied, discovery must commence. To that end, Solution 21's motions to stay discovery are denied, and Twelfth Street's motion to compel Solution 21's discovery responses is granted. Solution 21 is ordered to provide responsive discovery to Twelfth Street's October 25, 2017, interrogatories and requests for document production. *See Kemp*, 19 F. Supp. 2d at 964.

Twelfth Street also moves to compel Live Face's proper responses to its Interrogatories Nos. 4, 5, 6, 10, 12, 13, and 21, and Requests for Document Production Nos. 2, 5, and 8. *See generally* ECF No. 57. After reviewing Live Face's responses to the disputed discovery, Twelfth Street's motion to compel is granted to the extent that Live Face must appropriately respond to Interrogatories Nos. 5, 10, and 21, and Requests for Document Production Nos. 2, 5, and 8. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Finally, Twelfth Street's request to extend the Scheduling Order (ECF No. 35) is granted in part. Specifically, this Court concludes that good cause exists to extend the existing case deadlines by four months. *See* Fed. R. Civ. P. 16(b)(4).

## IV. RECOMMENDATION AND ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Solution 21's motions to dismiss (ECF No. 28, 17-cv-1941; ECF No. 20, 17-cv-1950) be **DENIED**. It is **HEREBY ORDERED** that Solution 21's motions to stay discovery (ECF No. 42, 17-cv-1941; ECF No. 34, 17-cv-1950 ) are **DENIED**, and Twelfth Street's motion to compel and to amend (ECF No. 53, 17-cv-1941) is **GRANTED in part** and **DENIED in part** as follows:

   A.   Solution 21 must provide responsive discovery to Twelfth Street's October 25, 2017, interrogatories and requests for document production;

B. Live Face must appropriately respond to Twelfth Street's Interrogatories Nos. 5, 10, and 21, and Requests for Document Production Nos. 2, 5, and 8;

C. All Scheduling Order (ECF No. 35) deadlines are extended by four (4) months:

1. Discovery/Non-Dispositive Motions:

   a. All motions which seek to join parties must be filed and served by May 1, 2018.

   b. All motions which seek to amend the pleadings must be filed and served by July 1, 2018.

   c. All discovery shall be commenced in time to be completed by September 1, 2018.

   d. All pre-discovery disclosures required by Rule 26(a) have concluded.

   e. No more than 25 interrogatories, including all discrete subparts, shall be served by any party.

   f. No more than 75 Requests for Admission shall be served by any party.

   g. No more than 75 Document Requests shall be served by any party.

   h. No more than 10 non-expert depositions shall be taken by any party.

   i. All **fact** nondispositive motions and supporting documents, shall be filed and served by **September 15, 2018;** All **expert** nondispositive motions and supporting documents shall be filed and served by **January 1, 2019.** Nondispositive motions may be scheduled for hearing by calling Theresa Anderson, Calendar Clerk to

        Magistrate Judge Franklin L. Noel, 612-664-5110.  All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1 and 37.1.

2. Expert Disclosure and Discovery:

   a. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be made as follows:

      1) By all parties on or before September 15, 2018, with respect to initial experts.

      2) By all parties on or before October 15, 2018, with respect to rebuttal experts.

   b. Full disclosure of the substance of the testimony to be offered by each expert witness shall be made as follows:

      1) By all parties on or before October 1, 2018, with respect to initial expert reports.

      2) By all parties on or before November 1, 2018, with respect to rebuttal expert reports.

   c. Each party may depose no more than 2 expert witnesses on or before December 15, 2018.

   d. Any expert testimony which has not been fully disclosed in accordance with this schedule shall be excluded from evidence at trial.

3. <u>Other Discovery Issues</u>:

   a. The parties will make a motion if needed, regarding preservation, disclosure and production of Electronically Stored Documents.

13

4. <u>Dispositive Motions</u>:

   a. All dispositive motions shall be filed, **and heard** by March 1, 2019. Counsel shall first schedule the hearing <u>at least 42 days in the future</u> by calling Judge Wright's Courtroom Deputy, Terianne Bender, at 651-848-1640. After the moving party has secured a hearing date, the moving party shall promptly file a notice of hearing informing all parties of the nature of the motion and the date, time, and location of the hearing.

      * All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1, except that any reply memorandum or notice stating that no reply will be filed must be filed and served within 7 days after the filing of any response. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed to Courtroom Deputy Terianne Bender or delivered to the clerk of courts.

      Parties are expected to be familiar with and adhere to the Federal Rules, the Local Rules, and any supplementation of those rules outlined in Judge Wright's Practice Pointers and Preferences, available on the District of Minnesota website.

5. Trial:

   a. This case shall be ready for trial on and after June 1, 2019, at which time it will be placed on the court's jury trial calendar.

   b. Trial is estimated to last 2–4 trial days.

14

DATED: April 6, 2018				*s/Franklin L. Noel*
						FRANKLIN L. NOEL
						United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 20, 2018**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 20, 2018** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.